UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4296

CHRISTOPHER TAYLOR,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-95-705)

Submitted: January 31, 1997

Decided: September 8, 1997

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Sean
Kittrell, Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Taylor appeals from his conviction and sentence for being a felon in possession of a firearm and for possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(g) & (k) (1994). We affirm.

Taylor first argues that the district court erred in admitting into evidence a cellular phone, a pager, a memory device, $475.00 in cash, and two marijuana cigars, claiming both that the evidence was not probative of his guilt on the firearms charges and that any probative value was outweighed by the prejudicial effect of such evidence. We find, however, that taken as a whole these items are suggestive of drug trafficking and were possessed in a single criminal episode. We therefore find the Government's proffered case of United States v. Fuller, 887 F.2d 144 (8th Cir. 1989), upon which the district court relied, more persuasive than any of Taylor's proffered cases. Given this determination, we find that the district court did not abuse its discretion in admitting the challenged evidence.

Taylor next asserts that the district court abused its discretion in charging the jury pursuant to Allen v. United States, 164 U.S. 492 (1896), when it indicated that it was unable to come to a unanimous verdict. Our review of the charge itself, which complied with that found to be satisfactory in United States v. Sawyers, 423 F.2d 1335, 1343 (4th Cir. 1970), and the surrounding circumstances, leads us to conclude that the district court did not err in so charging the jury.

Finally, Taylor contends that the district court erred in enhancing his offense level four points under United States Sentencing Commission, Guidelines Manual, § 2K2.1(b)(5) (Nov. 1995). Our review, however, leads us to conclude that, taking the cellular phone, the pager, the memory device, the cash and the marijuana in total, the Government met its burden of establishing drug trafficking by a preponderance of the evidence. Therefore, we find that the district court committed no error in applying the § 2K2.1(b)(5) enhancement.

Accordingly, we affirm Taylor's sentence and convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED